THE TITANIC.

(Circuit Court of Appeals, Second Circuit. November 24, 1913.)

No. 128.

Appeal from the District Court of the United States for the Southern District of New York.

Before LACOMBE, COXE, and WARD, Circuit Judges.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing a petition filed by the owner of the steamship Titanic to obtain a limitation of petitioner's liability, under the statutes of the United States. Upon the argument there arose certain questions or propositions of law, concerning which this court desires the instruction of the Supreme Court for its proper decision.

For opinion below, see 209 Fed. 501.

Statement of Facts.

The facts out of which these questions arise are as follows: The Titanic, a British steamship, which had sailed from Southampton, England, on her maiden voyage for New York, collided on the high seas with an iceberg, on April 14, 1912, and sank the next morning with the consequent loss of the lives of a large number of the passengers and crew. The vessel, her cargo, personal effects of passengers and crew, mails, and everything connected with the vessel, except certain lifeboats, became a total loss. The owner, alleging that the collision and consequent loss were due to inevitable accident and were not caused or contributed to by any negligence or fault on the part of the owner or of those in charge of the steamship and were occasioned and incurred without the privity or knowledge of the owner, filed a petition for relief under sections 4283, 4284, and 4285, U. S. Revised Statutes (U. S. Comp. St. 1901, pp. 2943, 2944), and the fifty-fourth and fifty-sixth Rules in Admiralty (29 Sup. Ct. xlv, xlvi).

Prior to the filing of the petition a number of actions to recover for loss of life and personal injuries resulting from the disaster had been instituted against petitioner, in federal and state courts. The persons who sustained loss by such collision and sinking were of many different nationalities; many of them were citizens of the United States.

A copy of the petition is hereto annexed, marked "A."

Two of the claimants, one a British subject, the other an American citizen, filed exceptions to the petition. Copies of these exceptions are annexed marked "B" and "C."

The District Court entered a decree dismissing the petition as to these two exceptants, from which decree appeal was duly taken.

A copy of the decree is hereto annexed, marked "D."

Questions Certified.

The questions or propositions of law upon which this court desires the instructions of the Supreme Court are:

A. Whether in the case of a disaster upon the high seas, where (1)

209 F.—33

only a single vessel of British nationality is concerned and there are claimants of many different nationalities; and where (2) there is nothing before the court to show what, if any, is the law of the foreign country to which the vessel belongs, touching the owner's liability for such disaster, such owner can maintain a proceeding under sections 4283, 4284 and 4285, U. S. Revised Statutes and the fifty-fourth and fifty-sixth Rules in Admiralty?

B. Whether, if in such a case it appears that the law of the foreign country to which the vessel belongs makes provision for the limitation of the vessel owner's liability, upon terms and conditions different from those prescribed in the statutes of this country, the owner of such foreign vessel can maintain a proceeding in the courts of the United States, under said statutes and rules?

In the event of the answer to question B being in the affirmative:

C. Will the courts of the United States in such proceeding enforce the law of the United States or of the foreign country in respect to the amount of such owner's liability?

New York, November 21st, 1913.            E. HENRY LACOMBE,
                                          ALFRED C. COXE,
                                          H. G. WARD,
        Judges of the United States Circuit Court of Appeals for
        the Second Circuit Sitting in Said Cause.